J-A21022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
HARUN  WILSON :
:
Appellant : No. 1853 EDA 2019

Appeal from the Judgment Entered June 21, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-SA-0001253-2019

BEFORE:  LAZARUS, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY DUBOW, J.:                     **FILED OCTOBER 13, 2020**

Appellant, Harun Wilson, appeals *pro se* from the Judgment of Sentence entered on June 21, 2019, after Appellant failed to appear for his summary trial. Because Appellant's brief is patently defective, we dismiss his appeal and affirm his Judgment of Sentence.

On December 24, 2018, police cited Appellant for making an illegal turn, driving with a suspended license and without current emissions and inspections stickers, and for allowing his minor child to ride without a proper safety restraint.[1] Appellant failed to appear for his trial in the Traffic Division of the Philadelphia Municipal Court on February 25, 2018, and the court found Appellant guilty of the above charges.

---

[1] 75 Pa.C.S. §§ 3331(c), 1543(a), 4706, 4763, and 4581(a)(1), respectively.

On May 24, 2019, the municipal court reinstated Appellant's appellate rights *nunc pro tunc*, and Appellant filed a Notice of Appeal to the Court of Common Pleas on the same day. On June 21, 2019, Appellant failed to appear at his scheduled status conference and the trial court entered judgment against him pursuant to Rule of Criminal Procedure 1037(D)(2). **See** Trial Ct. Or., 6/21/19.

Appellant *pro se* filed a Notice of Appeal on July 9, 2019. Appellant timely filed a Rule 1925(b) Statement and the trial court filed a responsive Opinion. Unfortunately, Appellant's brief fails to comport to our Rules of Appellate Procedure, thus foreclosing appellate review.

It is well settled that "a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003) (citation omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." **Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted).

An appellant's brief must comply with Rule 2111 and contain the following:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of argument.

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8) Argument for appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in paragraphs (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

(12) The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).

Pa.R.A.P. 2111. We may dismiss an appeal where an appellant's brief fails to substantially conform to the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101.

In his eight-page, handwritten brief, Appellant discusses financial and mental health hardships that have affected him and contributed to his multiple license suspensions. Appellant fails to allege any trial court error, develop meaningful argument, and cite to the record and pertinent authority. In fact, Appellant's brief does not contain any of the sections required by Rule 2111. While this Court sympathizes with Appellant's hardships, the defects in Appellant's brief are substantial and prevent this Court from conducting meaningful appellate review. We are, therefore, constrained to dismiss this appeal.

Appeal dismissed. Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/13/2020